Brinkerhoff, C.J.
That the deed on which the defend *125 ants’ claim of title to the whole of the premises named therein rests, is invalid in law, is very clear. The statute, 1S. & C. 459, 60, imperatively requires that a deed of conveyance shall be acknowledged by the grantor before some one of the officers enumerated in the act, “ who shall certify such acknowledgment, and shall subscribe his name to such' certificate.” This the officer failed to do. His name was subscribed as a witness to the deed, but not to the certificate of acknowledgment. This omission was fatal to the deed as. a conveyance in law. But the defendants set forth the facts as found .by the district court, and, by way of cross-petition, invoke the intervention of the court on the principles of equity to reform the instrument and by decree to perfect the title in them. On the facts found by the district court may this be done ?
It will be noticed that by the terms of the deed, the execution of which was left incomplete as a legal conveyance, the grantor attempted to convey an undivided third of the premises described therein to one of his sons, and the other two-thirds to two grandsons, being sons of a deceased son of the grantor ; and the plaintiff is another son of the grantor, not named in the deed, and claiming one-third of the premises by inheritance. The deed, on its face, purports to have been made for a valuable, moneyed, consideration ; but the fact was, as found by the district court, that it was made, or intended to be made, to all the grantees in consideration of love and affection. Now, in the determination of this question we will assume, that if the deed in question, though imperfect in its execution, had been so far made to a purchaser, and for a valuable pecuniary consideration, it would, in equity, be sustained as against the heir; but it does not follow that it will be so sustained against an heir or other party having claims upon the grantor’s bounty equal in foundation and merit to the grantees. The actual consideration for the imperfect deed in question was that of love and affection, growing out of the blood-relation between the grantor and the grantees, and known in law as a meritorious consideration, as contradistinguished from a valuable consid *126 eration on the one hand, and a mere voluntary bounty on the other. Adams’ Equity, original paging, 97, and eases there cited. The same writer says, p. 98, “ Although a promise made without a valuable consideration cannot be enforced against the promissor, or against any one in whose favor he has altered his intention, yet if an intended gift on meritorious consideration be imperfectly executed, and if the intention remains unaltered at the death of the donor, there is an equity to enforce it in favor of his intention, against persons claiming by operation of lem without an equally meritorious claim? Again, the same author says, p. 100, “ The party against whom relief is asked must not have an equally meritorious claim. If, therefore, the heir at law or remainderman be a child unprovided for, it seems the better opinion that the equity will not be enforced.” The same doctrine is laid down in 1st Leading Cases in Equity, 330, 331, and seems to be well supported alike on principle and by adjudged cases.
In the case before us it does not appear that the plaintiff ever had any provision made for him by his father, and for aught that appears in the finding of facts in the case his claims in equity are not less meritorious than those of his brother and his nephews.
But it is mged in argument in behalf of the defendants that effect ought to be given to the instrument under which they claim, by reason of the provisions of article 2, section 28 of the constitution of this State and the legislation under it. That section of the constitution is as follows : “ The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts, but may, by general laws, authorise courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties and officers, by curing omissions, defects, and errors in instruments and proceedings, arising out of their want of conformity with the laws of this State.”
Now, it is very clear, we think, that the power which this section of the constitution confers upon the legislative body, and the powers which the legislative body are authorized to *127 confer upon the courts, are permissive and not mandatory powers. “ The general assembly .... may .... authorize courts,” etc., is the language. The general assembly may put into exercise the powers granted in the section under consideration, or it may refrain from doing so without any disregard of a constitutional mandate ; it may authorize courts to cure omissions, etc., but it cannot command them ; and the powers of the legislature to authorize, and of the courts to act upon the authorization, would seem, by implication at least, to be limited to cases where it can be done “ upon such terms as shall he just and equitable.”
The only legislation had under this section of the constitution and bearing upon the question before us, so far as we are aware, is found in the first section of the act of March 10, 1859, “ to authorize courts to give effect to the intention of parties and officers,” etc., 2 S. & C. 1172 ; which provides, that in all cases wherein any officer or officers, party or parties, person or persons, . . . has heretofore made, or may hereafter, by reason of inadvertence or otherwise, make any omission, defect, or error in any instrument in writing, or in any proceeding whereby the same shall not be in strict conformity with the laws of this State, it shall be competent for the courts of this State, and they are hereby authorized to give full effect to all such instruments and proceedings according to the true and manifest intention of the parties thereto.” Now, the provisions of this section of the statute, like those of the section of the constitution under which it was enacted, are permissive and not mandatory. “ It shall be competent for the courts of this State, and they are hereby authorized,” is the language of the act. The question then remains a question for the courts to determine what is “ just and equitable ” between the parties. And what is just and equitable between parties is best determined by reference to the principles of equity jurisprudence ; and those principles declare that a contract or conveyance invalid in law will not be enforced by a coiu-t of equity against a party equal in merit and in equity.
The cross-petition will be dismissed and the cause re *128 manded to the district court for further proceedings and judgment.
Scott, Welch, White, and Day, JJ., concurred.